STATE OF WEST VIRGINIA

FILED

March 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES D. KIDD,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0048** (BOR Appeal No. 2054465)
                    (Claim No. 2011027627)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Kidd, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by counsel James W. Heslep, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator issued an Order on September 18, 2017, granting no additional permanent partial disability benefits. On August 2, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated December 19, 2019, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kidd has been a coal miner for over twenty-five years with the majority of his career working as a shuttle car operator. On November 5, 2010, Syed Zahir, M.D., diagnosed him with bilateral carpal tunnel syndrome and bilateral lesion of the ulnar nerve. Dr. Zahir indicated that these conditions were a direct result of his employment. Mr. Kidd completed a Report of Occupational Injury form on November 23, 2010, alleging that he injured both of his arms as a result of his work. The claims administrator initially rejected the application for benefits on the basis that Mr. Kidd's condition arose as the result of uncontrolled Type II diabetes, but the claim was ultimately deemed to be compensable in litigation[1].

An independent medical evaluation was conducted by Bruce A. Guberman, M.D., on October 2, 2013. Dr. Guberman diagnosed Mr. Kidd with bilateral carpal tunnel syndrome status post carpal tunnel release and bilateral cubital tunnel syndrome. Dr. Guberman found that he reached his maximum degree of medical improvement with a 17% whole person impairment rating. Based upon Dr. Guberman's report, the claims administrator entered an Order dated November 1, 2013, granting Mr. Kidd a 17% permanent partial disability award.

Mr. Kidd remained symptomatic and by Order dated October 19, 2016, the claims administrator authorized left carpal tunnel release surgery and Guyon canal release. Records from WVU Medicine dated November 29, 2016, and November 30, 2016, note that Mr. Kidd underwent a second surgical intervention of carpal tunnel release and Guyon canal release on the left hand. The surgery was performed on November 30, 2016.

Mr. Kidd underwent an independent medical evaluation with Marsha Bailey, M.D., on September 5, 2017. Dr. Bailey indicated that she had reviewed medical records and performed a physical examination. She diagnosed Mr. Kidd as suffering from carpal tunnel syndrome and bilateral cubital tunnel syndrome, moderate in his right upper extremity and severe in his left upper extremity. Dr. Bailey stated that the diagnosis was exclusively a result of Mr. Kidd's poorly controlled Type II diabetes mellitus and obesity. It was determined that he had reached his maximum degree of medical improvement, and she found that Mr. Kidd has 14% whole person impairment, none of which was attributable to his employment.

By Order dated September 18, 2017, the claims administrator denied Mr. Kidd's request for additional permanent partial disability benefits. Mr. Kidd protested the claims administrator's decision. In response to the protest, the claims administrator referred Mr. Kidd to Prasadarao Mukkamala, M.D., to review the impairment ratings offered in the claim. Dr. Mukkamala provided a record review of Mr. Kidd's medical history noting the October 2, 2013, report of Dr. Guberman and Dr. Bailey's report of September 4, 2017.

In his report dated March 2, 2018, Dr. Mukkamala found that Dr. Guberman's impairment was erroneous because he failed to apply West Virginia Code of State Rules § 85-20 in relation to his rating for Mr. Kidd's carpal tunnel syndrome. Dr. Mukkamala agreed with Dr. Bailey's

---

[1] In a Final Decision dated November 2, 2012, the Office of Judges reversed a claims administrator Order of October 2, 2011, and Ordered the claim be held compensable for bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome.

findings in her final impairment rating that the carpal tunnel syndrome is not causally related to Mr. Kidd's occupational activities. However, he disagreed with Dr. Bailey in that she apportioned the entire 14% impairment to personal risk factors and 0% to impairment for the compensable conditions. It was Dr. Mukkamala's professional opinion that Mr. Kidd's carpal tunnel syndrome was not related to his occupational activities, but since the claim had been ruled compensable, he suggested that only 7% should be apportioned to the compensable injury.

Mr. Kidd returned to Dr. Guberman on October 15, 2018, with reports of intermittent numbness and tingling in his right hand that involves all fingers, but most severe in the middle, ring, and little fingers. Dr. Guberman found that Mr. Kidd reached his maximum medical improvement with no further treatment needed. It was determined that he had 10% impairment of the whole person for right carpal tunnel syndrome. His right cubital tunnel syndrome was combined with 12% impairment of the whole person for the left cubital tunnel syndrome and left carpal tunnel syndrome for a total of 21% whole person impairment. Dr. Guberman noted that no more than 10% of the upper extremity impairment, which equals 6% impairment of the whole person was calculated for carpal tunnel syndrome on each side. Therefore, Dr. Guberman concluded that his recommendations were consistent with Rule 20, Section VII. Because Mr. Kidd has already received a 17% impairment of the whole person for the injury, Dr. Guberman recommended that Mr. Kidd receive an additional 4% impairment for his injury.

On August 2, 2019, the Office of Judges affirmed the September 18, 2017, Order of the claims administrator which granted no additional permanent partial disability benefits. The Office of Judges concluded that Mr. Kidd failed to establish that he sustained additional whole person impairment as a result of the compensable claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision in an Order dated December 19, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The reliable evidence of record shows that Mr. Kidd has been fully compensated for whole person impairment related to his compensable injury. Mr. Kidd has had no occupational exposure since he last worked in April of 2013. The Office of Judges concluded that any further deterioration of his condition must be attributable to non-occupationally related conditions and not to the compensable injury. The record establishes that Mr. Kidd has been fully compensated for his permanent impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed

Affirmed.

**ISSUED: March 19, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton